In the Matter of the Claim of MATHILDA IANIA, Appellant, against TOWN OF ISLIP et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision that Mathilda Iania was not the legal widow

of the deceased employee, Vincent Iania. On the argument, both parties conceded the issue to be one of law. Prior to 1917, claimant was legally married to Joseph Ricco, having lived with him as his wife for approximately nine years. Three children were born. During that year (1917) claimant left her husband and commenced living with the decedent. This relationship resulted in three more children, all of them (six) living with the claimant and decedent. The testimony is undisputed that Ricco was never heard of thereafter. Testimony was produced by the claimant that the parties were known as Mr. and Mrs. Iania and a deed was taken in their names as husband and wife in 1926. They continued to live together until decedent's death in May, 1955. Whether such circumstances constitute a common-law marriage depends first upon the intent of the parties. Was it a meretricious relationship or a mutual agreement to enter into a marital status? We feel there is sufficient testimony — particularly that of Joseph Ricco — to establish that whatever the original purpose, prior to 1933, a mutual marital relationship was firmly established. The circumstances here are in contradiction to those in the case relied upon by the respondents (*Matter of Akeson* v. *Salvage Process Corp.*, 305 N. Y. 438). Whether there was an impediment to the marriage — as a matter of law — is controlled by dates. The relationship commenced in 1917 and claimant testified she did not remember the month. In that year section 6 of the Domestic Relations Law " Void Marriages " read in part (L. 1915, ch. 266) : " A marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living, unless either: * * * Such former husband or wife has absented himself or herself for five successive years then last past without being known to such person to be living during that time." This phraseology has been interpreted to mean the marriage was not void but voidable, subject to attack by the legal husband, wife or alleged husband upon evidence that the legal husband was still alive. The Legislature in 1922 (ch. 279), effective March 25 of that year, amended subdivision 3 of section 6 making marriage void unless " 3 Such former marriage has been dissolved pursuant to section seven-a of this chapter ". That section provides certain procedural requirements, after the filing of a petition in the Supreme Court, and the offering of proof conditioned precedent to an order dissolving such marriage. It is readily perceivable that whether the marriage was voidable or void revolves around the narrow issue as to whether a common-law marriage (not meretricious) was established prior to March 25, 1922. From the meager evidence in the record, it seems improbable that any of the parties were aware that the time element was decisive of the legal issue. The matter should be reversed and remitted to give all of the parties an opportunity of offering such additional proof as the circumstances permit. Decision of the Workmen's Compensation Board is reversed and the matter remitted, without costs. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.